BARSTOW v. McCLAIN et al.[1]

(Circuit Court, S. D. Ohio, W. D. June 3, 1899.)

No. 5,257.

PATENTS—INVENTION—SWEAT PADS.

The Barstow & Hanna patent, No. 353,913, for a sweat pad for horse collars, is void for lack of invention, the article described being in structure merely an imitation of the collar itself.

In Equity. Suit for infringement of patent. On demurrer to bill.

Redmond & Hays and Arthur E. Georgi, for complainant.
George J. Murray, for defendant.

THOMPSON, District Judge. This is a bill for the infringement of letters patent No. 353,913, issued to Stephen Barstow and W. C. Hanna, December 7, 1896, for an improvement in sweat pads for

---

[1] Affirmed May 17, 1900, by the United States circuit court of appeals for the Sixth circuit without written opinion.

horse collars, which said letters patent are brought into court, and a copy thereof, with the specifications and drawings, is attached to the bill. The defendant demurs to the bill on the following grounds, to wit:

"(1) That the complainant does not state that the invention had not been in public use or on sale in this country for more than two years before the date of the application. (2) That there is no allegation in said bill of complaint that said invention had not been patented or described in any foreign country before the alleged date of said invention. (3) That there is no allegation in said bill that said alleged invention had not been patented or described in any printed publication before the date of said invention. (4) That the said letters patent upon which the suit is brought are void for want of invention apparent on the face of the patent, in view of the common knowledge of people throughout the country, of which the court can take judicial notice, but only shows an aggregation of old parts, none of which perform any new function in the combination from what they did when operating separately."

The first three grounds of the demurrer are conceded by counsel for the complainant to be well taken, but the fourth assignment, which raises the question of the validity of the patent, is contested. The claims of the patent are:

"(1) A sweat pad for horse collars, consisting of two stuffed wings and two stuffed ribs lying forward of said wings, with a narrow flexible space intermediate each of the main wings and the stuffed ribs, said narrow spaces being free from stuffing, substantially as described, and for the purposes set forth. (2) A sweat pad for horse collars, consisting of a top flexible portion without stuffing, each of the two sides of said top being provided with a stuffed wing, two flexible stuffed ribs extending from points near the sides of the top downward to a length nearly equal to the length of the wings, and a flexible space, not stuffed, intermediate each of the wings and ribs, substantially as described, and for the purposes set forth."

And it is explained in the specification that:

"When the pad is placed in position on a horse's neck and encircled by a collar, the stuffed ribs, B, B1, extend forward outside the collar. This permits the forward end of the collar to rest and occupy a seat in the grooves, C, C1, whereby the wings, A, A1, are kept under the collar, and the ribs, B, B1, left free to move in unison with the horse's neck, thereby preventing the animal's neck from rubbing or coming in contact with the collar."

It is earnestly urged that until "the time of this invention" these objects had not been successfully accomplished; that is to say, no device had been invented "whereby the main portion of a sweat pad, or part immediately in front of the horse's shoulder, when in use, may be more securely kept in place under the collar, and also to prevent the front part of the collar from rubbing or coming in contact with the horse's neck."

A fore-roll to prevent the front part of the collar from rubbing or coming in contact with the horse's neck is found in other sweat pads, and is not new; and the only question for consideration is whether there is patentable invention in that feature of the device the purpose of which is to keep the after-roll in place under the collar. The device is practically a reproduction of the essential features of the horse collar itself. The character of the material is different, but there is a fore-roll and a larger after-roll with the groove between. In the collar the groove furnishes a seat for the hames, and in the pad it furnishes a like seat for the fore-roll of

the collar; and the purpose in the one case is to keep the hames in place, and in the other to keep the fore-roll of the collar in place, and prevent the pad from slipping forward or back from under the collar. In effect, there are two collars,—one of soft material resting on the neck and shoulders of the horse, and the other of hard material resting upon the first one, holding it in place, and being itself held in place by the hames and gears. This form of pad is a copy of the collar, and is not new, and there is no invention in any of the differences between the two. But it is said a further question remains as to whether the use is a new or an analogous one,—whether there is "a mere application of an old contrivance in the old way to an analogous subject, without any novelty or invention in the mode of applying such old contrivance to the new purpose," or whether there is a new use involving invention. The alleged new use is suggested by the collar, to which the pad is a supplement, and is imitative, not original. There are other patented devices in use for securing the sweat pad to the collar, but none are suggested by the form of the collar itself. Here there is imitation, not invention. I think, therefore, that the fourth assignment is also well taken, and the demurrer will be sustained, and the bill dismissed, at the complainant's costs.